1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB No. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
6
7  Attorney for Defendant
   FOSS MARITIME COMPANY
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BIRD,<br><br>               Plaintiff,<br><br>vs.<br><br>FOSS MARITIME COMPANY, a corporation, and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No.  C07-05776 WDB<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441**<br>**[Federal Question, Diversity Jurisdiction]**<br><br>**BY FAX** |

**TO THE CLERK OF THE UNTIED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant FOSS MARITIME COMPANY hereby removes to this Court the state court action described below:

### I.    PLEADINGS AND PROCEEDINGS TO DATE

1.    Foss has been named as a defendant in a civil action filed on October 1, 2007, in the Superior Court of the State of California for the County of Contra Costa, entitled <u>Michael D. Bird, v. Foss Maritime Company, a corporation, and Does 1 through 100, inclusive</u>, Case No. C-07-021612.  A true and correct copy of that state court Complaint and Summons are attached hereto as Exhibit 1 to the Declaration of Julie L.

1   Taylor.

2       2.      The Complaint, together with the Summons and Notice of Assignment &

3   Case Management Conference (attached hereto as Taylor Decl., Ex. 2), constitute all the

4   process, pleadings, and orders served upon Foss to date.

5                           **II.    JURISDICTION**

6       3.      Foss is informed and believes and thereupon alleges that Plaintiff Michael

7   D. Bird was and is now a California citizen, residing in Pleasanton, California (attached

8   hereto in Taylor Decl., Ex. 1, Complaint p. 2, ¶ 3).

9       4.      Foss was and is now a Washington corporation, with its principal place of

10  business in Seattle, Washington.  Foss is therefore a citizen of Washington.

11      5.      Although Plaintiff has named Does 1 through 100 as defendants, such

12  fictitious defendants are disregarded for purposes of removal.  28 U.S.C. § 1441(a).

13      6.      Because Plaintiff Michael D. Bird and Defendant Foss Maritime Company

14  are citizens of different states, complete diversity exists between Plaintiff and Defendant

15  under 28 U.S.C. § 1332.

16      7.      In addition, based on Plaintiff's CCP § 998 Offer to Compromise, the

17  amount in controversy exceeds $75,000 (attached hereto in Taylor Decl., Ex. 2).

18      8.      Accordingly because the matter in controversy exceeds $75,000, and is

19  between citizens of different states, federal subject matter jurisdiction exists under 28

20  U.S.C.  § 1332(a)(1).

21      9.      Plaintiff is asserting a claim pursuant to 46 U.S.C. § 2114 (Coast Guard

22  Whistleblower Protection Act) (attached hereto in Taylor Decl., Ex. 2, Second Cause of

23  Action, p. 5).  According to 46 U.S.C. § 2114(b), a seaman discharged in violation of this

24  section may bring an action in an appropriate district court of the United States.

25  Accordingly, because Plaintiff's claim arises under federal law, this Court has original

26  jurisdiction over this matter under 28 U.S.C. §1331.  Defendant may therefore remove

27  this action to this Court pursuant to the provision of 28 U.S.C. § 1441(b).

28

KYL_SF457998
NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441 – Case No. _____

### III.    VENUE

10.    Because Defendants are not citizens of California, the action may be removed to the appropriate federal court embracing the state court where it was originally filed in California under 28 U.S.C. § 1441(b).

11.    Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to the Northern District of California, because this district embraces the Contra Costa County Superior Court, where the lawsuit is currently pending.

### IV.    NOTICE

12.    This Notice of Removal is filed within thirty days after the receipt by Foss of a copy of the Complaint. *See* 28 U.S.C. § 1446(b).

13.    Concurrent with the filing of this Notice, Foss has provided written notice thereof to all adverse parties in compliance with 28 U.S.C. § 1446(d).

14.    Foss has also currently filed a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Contra Costa. A true and correct copy of that notice is attached hereto as Exhibit 3 to the Declaration of Julie L. Taylor.

WHEREFORE, Defendants pray that the above-referenced action pending in the Superior Court of the State of California for the County of Contra Costa be removed therefrom to this Court.

DATED: November 13, 2007

JOHN D. GIFFIN
JULIE L. TAYLOR
KEESAL, YOUNG & LOGAN
Attorney for Defendant
Foss Maritime Company

KYL_SF457998

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441 – Case No. _____

# PROOF OF SERVICE
### *Michael Bird v. Foss Maritime Company*
### USDC, Northern District (Oakland Division)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

On November 14, 2007, I served the foregoing documents described as: **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTION 1441** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Daniel Robert Bartley, Esq.**                    **Tel.: (415) 898-4741**
**7665 Redwood Blvd., Suite 200**             **Fax: (415) 898-4841**
**Novato, CA 94945-1405**

                                                              **danielbartleylaw@aol.com**

*Counsel for Plaintiff*

☐       **BY FACSIMILE**: I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith. The facsimile machine I used complied with California Rules of Court, Rule 2003 and the transmission was reported as complete and without error. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission and the transmission report was properly issued by the transmitting facsimile machine.

☒       **BY UPS OVERNIGHT**: I caused such envelope(s), fully prepaid on account, to be placed within the custody of UPS at San Francisco, California. I am readily familiar with Keesal, Young & Logan's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Keesal, Young & Logan's business practice, the document described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it is placed at Keesal, Young & Logan for collection.

Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 14, 2007 at San Francisco, California.


_____
Maria Celina M. Schilt

PROOF OF SERVICE

KYL_SF458020