E-filing

JOHN D. GIFFIN, CASB No. 89608
john.giffin@kyl.com
JULIE L. TAYLOR, CASB No. 154341
julie.taylor@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Defendant
FOSS MARITIME COMPANY

ORIGINAL
FILED

NOV 14 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. BIRD,

Plaintiff,

vs.

FOSS MARITIME COMPANY, a
corporation, and DOES 1 through 100,
inclusive,

Defendants.

Case No. C07-05776 WDB

DECLARATION OF JULIE L. TAYLOR
IN SUPPORT OF REMOVAL OF CIVIL
ACTION

BY FAX

I, JULIE TAYLOR declare as follows:

1.     I am an attorney at law licensed to practice before this Court and employed by the law firm Keesal, Young & Logan, attorneys for Defendant FOSS MARITIME COMPANY in this matter.  I have personal knowledge of the facts set forth below and, if called upon to testify as a witness, could testify competently thereto.

2.     This Declaration is submitted in support of Foss' Notice of Removal of Civil Action.

3.     True and correct copies of the Summons and the Complaint from <u>Michael D. Bird, v. Foss Maritime Company, a corporation, and Does 1 through 100, inclusive,</u> Case No. C-07-021612  (the "Removed Action") are attached as <u>Exhibit 1</u>.

1    4.    A true and correct copy of the Notice of Assignment & Case Management

2  Conference from the Superior Court for the County of Contra Costa is attached hereto as

3  Exhibit 2.

4    5.    A true and correct copy of Foss' Notice of Removal with the Clerk of the

5  Superior Court of the State of California for the County of Contra Costa is attached

6  hereto as Exhibit 3.

7    6.    A true and correct copy of Foss' Notice of Removal to Adverse Parties is

8  attached hereto as Exhibit 4.

9

10    Executed this 13 day of November, 2007 at San Francisco, California.

11    I declare under penalty of perjury under the laws of the United States and the

12  laws of California that the foregoing is true and correct.

13

14                                JULIE L. TAYLOR

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF458003

DECLARATION OF JULIE L. TAYLOR IN SUPPORT OF REMOVAL OF CIVIL ACTION
Case No. _____

# EXHIBIT "1"

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/17/2007
CT Log Number 512696774

||||||||||||||||||||||||||||||||||||||||||||||

**TO:**     Frank Williamson
FOSS MARITIME COMPANY
660 W Ewing Street
Seattle, WA 98119-

**RE:**     **Process Served in California**

**FOR:**    FOSS MARITIME COMPANY (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael D. Bird, Pltf. vs. Foss Maritime Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice and Acknowledgment (2 sets), Summons, Verified Complaint, Cover Sheet, Notice of Case Management Conference, Notice(s), Attachment(s), Stipulation Form and Proposed Order, Case Management Statement Form, Offer to Compromise |
| **COURT/AGENCY:** | Contra Costa County, Martinez, Superior Court, CA<br>Case # C0702161 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - September 30, 2006 - Unfair Competition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/17/2007 postmarked on 10/15/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from date of mailing dated 10/15/2007 - Complete acknowledgment form and return // Within 30 days after service - file an answer // 02/15/2008 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Daniel Robert Bartley<br>Bartley Law Offices<br>7665 Redwood Blvd<br>Suite 200<br>Novato, CA 94945<br>415-898-4741 |
| **REMARKS:** | Service was made by mail under Section 415.30 of the California Code of Civil Procedure. Enclosed is a Notice and Acknowledgment of Receipt of Summons and Complaint for your consideration. Please be aware that C T Corporation does not sign on behalf of your company. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight . 798788944786<br>Email Notification, Frank Williamson frankw@foss.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / NF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel Robert Bartley (State Bar No. 79586)<br>Mail:  P.O. Box 686, Novato, CA  94948-0686<br>Street:  7665 Redwood Blvd, Ste 200, Novato, CA  94945-1405<br><br>TELEPHONE NO: 415 898 4741    FAX NO. *(Optional)*: 415 898 4841<br>E-MAIL ADDRESS *(Optional)*: DanielBartleyLaw@aol.com<br>ATTORNEY FOR *(Name)*: Michael Bird, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
  STREET ADDRESS: 725 Court Street, Room 103
  MAILING ADDRESS: P.O. Box 911
  CITY AND ZIP CODE: Martinez, CA  94553-1233
  BRANCH NAME:

| PLAINTIFF/PETITIONER: MICHAEL D. BIRD | |
|---|---|
| DEFENDANT/RESPONDENT: FOSS MARITIME COMPANY | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 07-02161 |
|---|---|

TO *(insert name of party being served)*: FOSS MARITIME COMPANY

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 1 5, 2007

Daniel Robert Bartley
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:

   Civil Case Cover Sheet; Notice of Case Management Conference [2/15/08, Dept. 2; 8:30 A.M.];
   Notice to Plaintiffs in Unlimited Jurisdiction Civil Actions; Notice to Defendants in Unlimited
   Jurisdiction Civil Actions; Stipulation and Order to Attend ADR and Delay First CMC 90 Days
   [form]; Case management Statement [form]; Form CV-655c/Rev.1/2/07 [ADR]; CCP 998 Offer.

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel Robert Bartley (State Bar No. 79586)<br>Mail: P.O. Box 686, Novato, CA 94948-0686<br>Street: 7665 Redwood Blvd, Ste 200, Novato, CA 94945-1405<br><br>    TELEPHONE NO. 415 898 4741     FAX NO *(Optional)*: 415 898 4841<br>E-MAIL ADDRESS *(Optional)*: DanielBartleyLaw@aol.com<br>ATTORNEY FOR *(Name)*: Michael Bird, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
    STREET ADDRESS: 725 Court Street, Room 103
    MAILING ADDRESS: P.O. Box 911
    CITY AND ZIP CODE: Martinez, CA 94553-1233
    BRANCH NAME:

PLAINTIFF/PETITIONER: MICHAEL D. BIRD

DEFENDANT/RESPONDENT: FOSS MARITIME COMPANY

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 07-02161 |
|---|---|

TO *(insert name of party being served)*: FOSS MARITIME COMPANY

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 15, 2007

Daniel Robert Bartley
        (TYPE OR PRINT NAME)                  ▶                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

    Civil Case Cover Sheet; Notice of Case Management Conference [2/15/08, Dept. 2; 8:30 A.M.]; Notice to Plaintiffs in Unlimited Jurisdiction Civil Actions; Notice to Defendants in Unlimited Jurisdiction Civil Actions; Stipulation and Order to Attend ADR and Delay First CMC 90 Days [form]; Case management Statement [form]; Form CV-655c/Rev.1/2/07 [ADR]; CCP 998 Offer.

*(To be completed by recipient):*

Date this form is signed:

                        ▶

_____        _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F̶I̶L̶

2007 OCT -1 A

BY: _____

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FOSS MARITIME COMPANY, a corporation, and DOES
1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL D. BIRD

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **07 · 0 2 1 6 1** |
|---|---|
| Contra Costa Superior Court, Office of the Clerk, 725 Court Street, Martinez CA 94553 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Robert Bartley, Bartley Law Offices, P.O. Box 686, 7665 Redwood Blvd, Suite 200, Novato, CA, 94945-1405; telephone 415 898 4741; e-mail DanielBartleyLaw@aol.com     S. KRICKEN

| DATE: *(Fecha)* | 10/01/07 | Clerk, by *(Secretario)* | _____ CLERK OF THE SUPERIOR COURT | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

---

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FOSS MARITIME COMPANY

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. \| www.USCourtForms.com |
|---|---|---|

FILED

'07 OCT -1  A 10: __

BY___

1   Daniel Robert Bartley, SBN 79586
2   Bartley Law Offices
    7665 Redwood Boulevard, Suite 200
3   Post Office Box 686
    Novato, CA 94948-0686
4   Tel 415 898 4741 • Fax 415 898 4841
    E-mail danielbartleylaw@aol.com
5

6   Attorney for Plaintiff Michael Bird

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF CONTRA COSTA
10                     (UNLIMITED JURISDICTION) C · 0 7 · 0 2 1 6 1

11   MICHAEL D. BIRD,                   | **VERIFIED COMPLAINT FOR DAM-**
12                                      | **AGES AND INJUNCTIVE RELIEF, WITH**
13              Plaintiff,              | **DEMAND FOR JURY TRIAL**
14                                      | PER LOCAL RULES 5 THIS
                                        | CASE IS ASSIGNED TO
15   v.                                 | Causes of Action:  DEPT. _____
16                                      | 1.  Wrongful Termination in Violation of Public
17                                      | Policy Prescribed by California Labor Code §
18   FOSS MARITIME COMPANY, a           | 1102.5 (the California Whistleblower Law)
     corporation, and DOES 1 through
19   100, inclusive,                    | 2. Wrongful Termination in Violation of Public
20                                      | Policy Prescribed by 46 U.S.C. § 2114 (the Coast
21                                      | Guard Whistleblower Protection Act)
22              Defendants.             |
                                        | 3.  Unfair Competition inViolation of Business &
23                                      | Professions Code §17200
24   _____   |
25          Plaintiff Michael D. Bird ("Bird"), an individual, alleges as follows:
26                              **Nature of Complaint**
27       1.  This is an action by Michael Bird related to claims arising from Plaintiff Bird's
28   discharge from his employment position at Foss Maritime Company.

Verified Complaint  - *Bird v. Foss Maritime Company and Does 1-100* – Contra Costa Superior Court      1

2. This Complaint asserts three causes of action:

> No. 1: Wrongful Termination in Violation of Public Policy Prescribed by California Labor Code § 1102.5 (the California Whistleblower Law)

> No. 2: Wrongful Termination in Violation of Public Policy Prescribed by 46 U.S.C. § 2114 (the Coast Guard Whistleblower Protection Act)

> No. 3: Unfair Competition inViolation of Business & Professions Code §17200

### Venue

3. This court is a proper venue because Defendant has its primary place of businessat Richmond, Contra Costa County, California, within the jurisdiction of this court.

### Parties

4. Plaintiff Michael D. Bird is a United States citizen, residing at Pleasanton, California.

5. Defendant Foss Maritime Company (variously "Foss," "Foss Maritime," and "the company") is a corporation organized under the laws of the State of Washington, with local offices at 1316 Canal Boulevard, Richmond, California, 94804, and with corporate headquarters at 660 West Ewing Street, Seattle, Washington, 98119.

6. Relative to all counts, Plaintiff sues fictitious Defendants Does 1 through 100, inclusive, because their names, and/or capacities, and/or facts showing them liable are not known presently. Plaintiff will amend his Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes, and on such grounds alleges, that each DOE Defendant is responsible in some actionable manner for the events, occurrences, injuries, and damages alleged herein.

7. The terms "Defendants" will refer collectively to the aforesaid Defendants acting by and through their managerial employees, and each of them.

8. Managerial employees of the Defendants, in doing the acts and things described in this complaint, were acting within the course and scope of their respective agencies and/or employment with the Defendants, and each of them, with the knowledge and consent of the Defendants, and each of them, unless otherwise indicated.

9. Unless otherwise indicated, each Defendant is sued as the agent and employee of every other Defendant acting within the course and scope of said agency, and/or employment, and with the knowledge and consent of ever other Defendant. Further, each Defendant agreed and conspired with the other Defendants, to injure Plaintiff Bird and the general public, and each co-conspirator committed the acts alleged herein in furtherance of their conspiracy.

**General Allegations Common to All Causes of Action**

10. From March 6, 2006, until his discharge on September 30, 2006, Michael D. Bird, worked as a deckhand for Defendant, reporting to its offices at Richmond, California.

11. Foss Maritime has a systemic practice of permitting and encouraging captains to violate the 12-hour work rule. Plaintiff made safety reports arising from such violations, and Foss Maritime retaliated against Plaintiff for making such reports.

12. On May 1, 2006, Plaintiff made his first safety report, concerning grounding of an oil barge. Because Foss Maritime had failed to report the accident in a timely manner, a $5,000 Coast Guard fine was imposed, and the company was placed on probation for contract renewals worth $35 million with Chevron/FAMM Oil.

13. On September 29, 2006, Plaintiff made his second safety report, involving two leaks on a sand dredge. Plaintiff was about to report this to a the Coast Guard or other appropriate Federal agency.

\\\

14. September 30, 2006, was Plaintiff's last day of employment.

15. On October 2, 2006, Plaintiff telephoned Bruce Reed, a Foss vice president who had the title "D.P.A. Designated Person Ashore," and as such was the person legally responsible to ensure that the company operated safely.

16. The company, in retaliation, terminated Plaintiff's employment, without notice to Plaintiff, effective September 30, 2006.

17. The reason that Foss Maritime gave for discharging Plaintiff was that Plaintiff had failed to maintain current standing with the union (*i.e.*, pay his union dues). Such reason was, and is, false and pretextual, for Plaintiff at the time had a credit on his dues, which were paid directly by Foss Maritime via an automatic paycheck deduction.

18. Defendant's adverse action against Plaintiff constituted a violation of whistleblower protections afforded to Plaintiff by California Labor Code § 1102.5 (the California Whistle-blower Law) and by 46 U.S.C. § 2114 (the Coast Guard Whistleblower Protection Act).

**First Cause of Action: Wrongful Termination in Violation of the Public Policy Prescribed by California Labor Code § 1102.5 (the California Whistleblower Law) Against Defendants Foss Maritime Company and Does 1-100**

19. The allegations of paragraphs 1 through 18, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein.

20. The above-described conduct of Defendant toward Plaintiff constituted a violation of California Labor Code § 1102.5 (the California Whistleblower Law).

21. As a direct and proximate result of Defendant's aforesaid conduct in violation of 46 U.S.C. § 2114, Plaintiff has suffered, continues to suffer, and will continue to suffer for years in the future, substantial losses in income that he would not have suffered had Defendant not

Verified Complaint - *Bird v. Foss Maritime Company and Does 1-100* – Contra Costa Superior Court          4

engaged in such conduct.  These losses have included, but are not limited to, past and future compensation, salary increases, promotions, severance pay, fringe benefits, and lost opportunities essential for advancement of Plaintiff's career.

22.  In addition, as a direct and proximate result of Defendant's aforesaid conduct in violation of California Labor Code § 1102.5, Plaintiff has incurred, and continues to incur, emotional and physical sickness, injuries and distress, anguish, embarrassment, humiliation, and mortification, and injury to reputation, in an amount not yet ascertained but within the minimum jurisdiction of this Court.

23.  Defendant's conduct in violation of California Labor Code § 1102.5 was calculated to damage Plaintiff's career, was so patently outrageous as to offend ordinary human sensibilities, and was carried out by such Defendant knowingly, willfully, maliciously, recklessly, and oppressively, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and with conscious disregard for all Plaintiff's rights.  Plaintiff was the third employee in 2006 who had reported safety violations and was retaliated against and fired.  By reason of such acts, Plaintiff is entitled to recover punitive damages from Defendant, in an amount according to proof.

**Second Cause of Action:  Wrongful Termination in Violation of the Public Policy Prescribed by 46 U.S.C. § 2114 (the Coast Guard Whistleblower Protection Act) Against Defendants Foss Maritime Company and Does 1-100**

24.  The allegations of paragraphs 1 through 18, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein.

25.  The above-described conduct of Defendant toward Plaintiff constituted a violation of 46 U.S.C. § 2114 (the Coast Guard Whistleblower Protection Act).

\\\

26.  As a direct and proximate result of Defendant's aforesaid conduct in violation of 46 U.S.C. § 2114, Plaintiff has suffered, continues to suffer, and will continue to suffer for years in the future, substantial losses in income that he would not have suffered had Defendant not engaged in such conduct.  These losses have included, but are not limited to, past and future compensation, salary increases, promotions, severance pay, fringe benefits, and lost opportunities essential for advancement of Plaintiff's career.

27.  In addition, as a direct and proximate result of Defendant's aforesaid conduct in violation of 46 U.S.C. § 2114, Plaintiff has incurred, and continues to incur, emotional and physical sickness, injuries and distress, anguish, embarrassment, humiliation, and mortification, and injury to reputation, in an amount not yet ascertained but within the minimum jurisdiction of this Court.

28.  Defendant's conduct in violation of 46 U.S.C. § 2114 was calculated to damage Plaintiff's career, was so patently outrageous as to offend ordinary human sensibilities, and was carried out by such Defendant knowingly, willfully, maliciously, recklessly, and oppressively, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and with conscious disregard for all Plaintiff's rights.  By reason of such acts, Plaintiff is entitled to recover punitive damages from Defendant, in an amount according to proof.

### Third Cause of Action: Unfair Competition in Violation of Business & Professions Code §17200, Against Defendants Foss Maritime Company and Does 1-100

29.  The allegations of paragraphs 1 through 18, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein.

\\\

30. The California Unfair Competition Law ("UCL"), at Business and Professions Code §17200, provides:

> "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with §17500) of Part 3 of Division 7 of the Business and Professions Code."

31. The UCL is not confined to anti-competitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct.

32. Under the UCL's "unlawful" prong, a business practice constitutes unfair competition if it is forbidden by any law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. The "unlawful" prong of §17200 makes a violation of the underlying law a *per se* violation of §17200. For these purposes, if a "business practice" violates virtually any law, it also violates §17200 and may be redressed under that section; section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200.

33. Defendants' above-described conduct was in violation of the UCL because Defendants' conduct was unlawful under: the public policy enunciated by

34. The UCL's "unfair" prong prohibits a business practice that is unfair. For these purposes, an unfair business practice such that it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. The "unfair" standard is intentionally broad, and even *extends to asserting a contractual right that one does not have.* Defendant's above-described conduct was in violation of the UCL because such conduct offended established public policies, and was immoral, unethical, oppressive, unscrupulous, or substantially injurious to the public.

35.  Under the UCL's "fraudulent" prong, the UCL prohibits a business practice that is "fraudulent."  For these purposes, a business practice is "fraudulent" if members of the public are likely to be deceived.  Defendant's above described conduct was in violation of the UCL because Defendants' conduct was conduct likely to deceive members of the public.

36.  The UCL entitles Plaintiff to appropriate equitable relief.

### Prayer for Relief

Plaintiff requests the following relief:

1.  Compensatory damages consistent with proof;

2.  The greater of statutory penalties or punitive damages;

3.  An injunction permanently enjoining Defendant and, its agents, servants, and employees, from engaging in any further retaliatory action against Plaintiff;

4.  Court costs;

5.  Prejudgment interest;

6.  Attorneys' fees according to any provision of law;

7.  Trial by jury;

8.  Such other and further relief as may be just and proper.

DATED:  October 1, 2007

DANIEL ROBERT BARTLEY
ATTORNEY FOR PLAINTIFF MICHAEL D. BIRD

# VERIFICATION

STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

I, Michael D. Bird, under penalty of perjury, under the laws of the State of California, hereby declare:

I am the Plaintiff in this action. I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, WITH DEMAND FOR JURY TRIAL, and know its contents.

I declare that the matters stated therein are true of my own personal knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true; and that I am willing and competent to testify to such matters if called upon to do so.

EXECUTED on the 1st day of October, 2007, in the City of Martinez, Contra Costa County, California.

_Michael D. Bird_
MICHAEL D. BIRD

# EXHIBIT "2"

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
⌐ Daniel Robert Bartley (CA State Bar No. 79586)
Bartley Law Offices
Mail: P.O. Box 686, Novato, CA 94948-0686
Street: 7665 Redwood Blvd, Ste 200, Novato, CA 94945-1405
TELEPHONE NO.: 415 898 4741    FAX NO.: 415 898 4841
ATTORNEY FOR *(Name):* Michael D. Bird, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

**FOR COURT USE ONLY**

FILED

2007 OCT -1  A 10 52

BY: _____ Deputy Clerk

CASE NAME:
Bird v. Foss Maritime Company

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C 07 · 02161 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  three (3)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 1, 2007

Daniel Robert Bartley, Attorney for Plaintiff
(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

BIRD VS. FOSS MARITIME COMPANY

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02161

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 02/15/08        DEPT: 02        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  10/01/07        _____
                              S. KRICKEN, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS
## IN <u>UNLIMITED JURISDICTION</u> CIVIL ACTIONS

### <u>AFTER YOU FILE YOUR COURT CASE:</u>

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants
   e. <u>Blank</u>: Case Management Conference Statement (Judicial Council form CM-110)
   f. <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days
   g. Alternative Dispute Resolution (ADR) Information sheet

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been legally delivered to the defendants** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All Parties must answer questions about ADR on the *Case Management Conference Statement* form. For more information, see the enclosed ADR information sheet, visit www.contracostacourts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 201.7 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CONTRACOSTACOURTS.ORG)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-655a/Rev. 4/18/07

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

<u>YOU ARE BEING SUED</u>. This packet should contain the following papers:

    a.    The *Summons*

    b.    The *Complaint*

    c.    The *Notice of Case Management Conference* (shows hearing date and time)

    d.    <u>Blank</u>: *Case Management Conference Statement* (Judicial Council form CM-110)

    e.    Alternative Dispute Resolution (ADR) Information sheet

    f.    <u>Blank</u>: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.

---



## WHAT DO I DO NOW?

<u>You Must:</u>

1. **Complete the <u>Case Management Conference Statement</u>** (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given** in the <u>Notice of Case Management Conference</u>.
4. **File and serve your court papers on time.**

<u>IMPORTANT</u>! **YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.** If you were served in person **you have to file your response in 30 days**. If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

---

<u>COURT FEES</u>: You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>FORMS</u>: Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

---

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court promptly.

---

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

---

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not.  You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
    a. For personal injury, property damage, and wrongful death claims, use Judicial Council form PLD-PI-003.
    b. For contract claims, use Judicial Council form PLD-C-010.
    Answers for other types of claims do not have Judicial Council forms and you will have to write your own..
2. Complaints that are verified usually require Answers with Specific Denials.  There are no Judicial Council forms for these.  You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

---

All answers include:

| | | |
|---|---|---|
| 1. The Denial | General Denial: | *Use the correct Judicial Council form (see the forms listed above)* |
| | OR | |
| | Specific Denial: | *Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #___ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.* |
| 2. Affirmative Defenses | | *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.* |
| 3. The Prayer or Relief | | *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.* |

---

Be sure to include all defenses in the Answer, or you may not be able to use them later in the case.
If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.

---

## TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.

---

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (866) 442-2529
- Bay Legal:   (800) 551-5554
- Contra Costa County Law Library       Martinez: (925) 646-2783       Richmond: (510) 374-3019
- Ask the Law Librarian:     www.247ref.org/portal/access_law3.cfm



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    Plaintiff(s)
        vs.

_____

_____
                    Defendant(s)

***_Stipulation and Order_*** to Attend ADR and Delay _First Case Management Conference 90 Days_

Case No.:_____ Date complaint filed: _____ First case management conference set for:_____

---

▸ <u>ALL PARTIES MUST SIGN THIS FORM</u> AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION <u>MAY NOT</u> BE USED IN COMPLEX LITIGATION CASES

---

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❑ Judicial mediation          ❑ Judicial arbitration          ❑ Neutral case evaluation

❑ Private mediation           ❑ Private arbitration

<u>COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:</u>

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____|_____        _____|_____
Counsel for Plaintiff _(print)_      Fax    Counsel for Defendant _(print)_   Fax

_____        _____
Signature                                Signature

_____|_____        _____|_____
Counsel for Plaintiff _(print)_      Fax    Counsel for Defendant _(print)_   Fax

_____        _____
Signature                                Signature

---

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) <u>Plaintiff's counsel must notify all parties of the case management conference.</u>

Dated: _____        _____

                                    _Judge of the Superior Court_

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>(Check one):  ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE**<br>            (Amount demanded         (Amount demanded is $25,000<br>            exceeds $25,000)         or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:              Div.:                Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐ complaint     ☐ cross-complaint     *(describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐, a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights:   ☐ Yes   ☐ No
   c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a.   ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*    ☐ none    ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

1  Daniel Robert Bartley, SBN 79586
2  Bartley Law Offices
   7665 Redwood Boulevard, Suite 200
3  Post Office Box 686
   Novato, CA 94948-0686
4  Tel 415 898 4741 • Fax 415 898 4841
5  E-mail danielbartleylaw@aol.com

6  Attorney for Plaintiff Michael Bird

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF CONTRA COSTA
                       (UNLIMITED JURISDICTION)
10

11  MICHAEL D. BIRD,                    | Case No. C-07-02161
12                                      |
                                        | **PLAINTIFF'S C.C.P. SECTION 998**
13              Plaintiff,              | **OFFER TO COMPROMISE**
14                                      |
15  v.                                  |
16                                      |
17                                      |
18  FOSS MARITIME COMPANY, a            |
    corporation, and DOES 1 through     |
19  100, inclusive,                     |
20                                      |
21              Defendants.             |
22                                      |
23  _____        |

24      Plaintiff Michael D. Bird hereby extends to Defendant Foss Maritime Company an
25  offer to compromise, pursuant to Code of Civil Procedure Section 998, by having
26
27  judgment entered in Plaintiff's favor against Defendant Agilent in the sum of One
28  Hundred Forty-nine Thousand Nine Hundred Ninety-nine Dollars ($149,999.00).

*Bird v. Foss Maritime Company* – Contra Costa Superior Court Case No. C-07-02161 - CCP § 998 Offer          1

1     Dated: October 13, 2007

2

3                                        Daniel Robert Bartley

4                                        Attorney for Plaintiff Michael D. Bird

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "3"

1   JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
2   JULIE L. TAYLOR, CASB No. 154341
    julie.taylor@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   Four Embarcadero Center, Suite 1500
    San Francisco, California  94111
5   Telephone:  (415) 398-6000
    Facsimile:  (415) 981-0136
6
7   Attorneys for Defendant
    FOSS MARITIME COMPANY

8
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
        FOR THE COUNTY OF CONTRA COSTA – UNLIMITED JURISDICTION
10

11  MICHAEL D. BIRD,                    )  Case No. C 07-02161
12                                      )
                          Plaintiff,    )
13                                      )
            vs.                         )  **DEFENDAN FOSS MARITIME**
14                                      )  **COMPANY'S NOTICE TO CLERK OF**
    FOSS MARITIME COMPANY, a            )  **THE SUPERIOR COURT OF THE**
15  corporation, and DOES 1 through 100,)  **FILING OF REMOVAL AND**
    inclusive,                          )  **REMOVAL OF ACTION TO FEDERAL**
16                                      )  **COURT**
                                        )
17                        Defendants.   )  *Action Filed: October 1, 2007*
                                        )
18                                      )  *ASSIGNED FOR ALL PURPOSES TO:*
                                        )      *Barbara Zuniga Judge, Dept.2*
19  _____)

20
21  **TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE**
    **COUNTY OF CONTRA COSTA:**
22

23      PLEASE TAKE NOTICE that Defendant FOSS MARITIME COMPANY has

24  removed the above-entitled action to the United States District Court for the Northern

25  District of California.  Attached hereto as <u>Exhibit A</u> is a copy of the Notice of Removal of

26  Civil Action; Notice of Removal of Civil Action to Adverse Parties; and Declaration of

27  Julie L. Taylor in Support of Removal of Action, the originals of which have been filed in

28  the United States District Court for the Northern District of California, Oakland

DEFENDAN FOSS MARITIME COMPANY'S NOTICE TO CLERK OF THE SUPERIOR COURT OF
THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1  Division.

2      PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446(d), the

3  filing of the attached Notice of Removal with the federal court effects removal of this

4  action, and this Court may proceed no further unless the case is remanded.

5

6

7  DATED:  November 14, 2007

8                                        JOHN D. GIFFIN
                                          JULIE L. TAYLOR
9                                        KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendant
10                                       FOSS MARITIME COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDAN FOSS MARITIME COMPANY'S NOTICE TO CLERK OF THE SUPERIOR COURT OF
THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

**EXHIBIT "4"**

1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB No. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California  94111
5  Telephone:  (415) 398-6000
   Facsimile:   (415) 981-0136
6
   Attorneys for Defendant
7  FOSS MARITIME COMPANY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF CONTRA COSTA – UNLIMITED JURISDICTION

10

11 MICHAEL D. BIRD,                          )  Case No. C 07-02161
                                             )
12                         Plaintiff,        )  **DEFENDANT FOSS MARITIME**
                                             )  **COMPANY'S NOTICE TO ADVERSE**
13              vs.                           )  **PARTY OF REMOVAL TO FEDERAL**
                                             )  **COURT**
14 FOSS MARITIME COMPANY, a                   )
   corporation, and DOES 1 through 100,      )  *Action Filed:  October 1, 2007*
15 inclusive,                                 )
                                             )  *ASSIGNED FOR ALL PURPOSES TO:*
16                                            )  *Barbara Zuniga Judge, Dept.2*
                                             )
17                         Defendants.       )
                                             )
18

19 **TO PLAINTIFF MICHAEL D. BIRD:**

20         PLEASE TAKE NOTICE that the Notice of Removal of this action was filed in the

21 United States District Court for the Northern District of California, Oakland Division,

22 on November 14, 2007.  A copy of said Notice of Removal is attached to this Notice, and

23 is served and filed herewith.

24 DATED:  November 14, 2007

25                                      JOHN D. GIFFIN
                                       JULIE L. TAYLOR
26                                      KEESAL, YOUNG & LOGAN
                                       Attorneys for Defendant
27                                      FOSS MARITIME COMPANY

28

                                      - 1 -                          KYL_SF458005
   DEFENDANT FOSS MARITIME COMPANY'S NOTICE TO ADVERSE PARTY OF REMOVAL TO
   FEDERAL COURT

## PROOF OF SERVICE
### *Michael Bird v. Foss Maritime Company*
### USDC, Northern District (Oakland Division)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

On November 14, 2007, I served the foregoing documents described as: **DECLARATION OF JULIE L. TAYLOR IN SUPPORT OF REMOVAL OF CIVIL ACTION** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Daniel Robert Bartley, Esq.**　　　　**Tel.: (415) 898-4741**
**7665 Redwood Blvd., Suite 200**　　　**Fax: (415) 898-4841**
**Novato, CA 94945-1405**

　　　　　　　　　　　　　　　　　**danielbartleylaw@aol.com**

*Counsel for Plaintiff*

☐　　**BY FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith. The facsimile machine I used complied with California Rules of Court, Rule 2003 and the transmission was reported as complete and without error. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission and the transmission report was properly issued by the transmitting facsimile machine.

☒　　**BY UPS OVERNIGHT:** I caused such envelope(s), fully prepaid on account, to be placed within the custody of UPS at San Francisco, California. I am readily familiar with Keesal, Young & Logan's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Keesal, Young & Logan's business practice, the document described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it is placed at Keesal, Young & Logan for collection.

Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 14, 2007 at San Francisco, California.

*M. Schilt*
_____
Maria Celina M. Schilt