JOHN D. GIFFIN, CASB No. 89608
*john.giffin@kyl.com*
JULIE L. TAYLOR, CASB No. 154341
*julie.taylor@kyl.com*
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile:   (415) 981-0136

Attorneys for Defendant FOSS MARITIME
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL D. BIRD, | CASE NO. CV 07-05776 WDB |
|---|---|
| Plaintiff, | **DEFENDANT FOSS MARITIME COMPANY'S MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION PURSUANT TO RULE 12(b)(6)** |
| v. | |
| FOSS MARITIME COMPANY, a corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | Date: January 16, 2008<br>Time: 3:00 p.m.<br>Dept: Courtroom 4, 3rd Floor<br>1301 Clay Street, Oakland, CA 94612 |

Defendant FOSS MARITIME COMPANY (hereinafter "Foss") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff MICHAEL D. BIRD's (hereinafter "Plaintiff") First Cause of Action, alleged violation of Cal. Labor Code § 1102.5 (the "California Whistleblower Law"). As set forth below, Plaintiff's First Cause of Action is subject to dismissal because it is preempted by federal maritime law, specifically the Coast Guard Whistleblower Protection Act, 46 U.S.C. § 2114. Because the Coast Guard

- 1 -                                                                KYL_SF458030
DEFENDANT FOSS MARITIME COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS - CASE NO. CV 07-05776 WDB

Whistleblower Protection Act clearly encompasses retaliation claims arising from the seaman/employer relationship, and because the California Whistleblower Law is in direct conflict with the federal maritime law regarding retaliatory discharge, Plaintiff's First Cause of Action is preempted and fails as a matter of law.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this case in state court on October 1, 2001. Service of process was completed on October 15, 2007. Foss removed the case to district court on November 14, 2007 base on both diversity and federal question jurisdiction. The material allegations, taken from Plaintiff's Complaint, are as follows.

Foss is a marine transportation and logistics service provider. Plaintiff worked for Foss as a deckhand from March 6, 2006 until September 30, 2006. During this time, Plaintiff alleges that he made internal safety reports, was "about to" make a report to the Coast Guard or other federal agency, and was fired as a result.

Based on these allegations, Plaintiff filed a Verified Complaint alleging three causes of action: (1) wrongful termination in violation of public policy prescribed by Cal. Labor Code § 1102.5 (the California Whistleblower Law) (2) wrongful termination in violation of public policy prescribed by 46 U.S.C. § 2114 (the Coast Guard Whistleblower Protection Act), and (3) unfair competition in violation of Cal. Business & Professions Code § 17200. In essence, Plaintiff claims that he was terminated in retaliation for reporting safety violations and that his termination was therefore unlawful.

## II.   LEGAL ARGUMENT

Foss now moves to dismiss Plaintiff's First Cause of Action, violation of California Labor Code Section 1102.5, as it is preempted by the Coast Guard Whistleblower Protection Act, 46 U.S.C. § 2114. Foss respectfully submits that a finding of preemption is necessary because the provisions of California Labor Code Section 1102.5 conflict with the Coast Guard Whistleblower Protection Act, which governs retaliation claims arising from the seaman/employer relationship.

A.   **THE FIRST CAUSE OF ACTION IS PREEMPTED**

    1.   <u>**Federal Maritime Law Governs The Seaman/Employer Relationship**</u>

The framers of the Constitution placed the responsibility for governing maritime and admiralty matters squarely with the federal government. *U.S.C.A Const. Art. 3 § 2, cl. 1*. The Supreme Court has stated that "Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country." *Southern Pacific Company v. Jensen*, 244 U.S. 205, 215 (1917). Federal control of maritime matters serves "to relieve maritime commerce from unnecessary burdens and disadvantages incident to discordant legislation, and to establish, so far as practicable, harmonious and uniform rules applicable throughout every part of the Union." *Knickerbocker Ice Co. v. Stewart*, 253 U.S. 149, 164 (1920).

This federal control over maritime law clearly extends to and covers the seaman/employer relationship. *London Guarantee & Accident Co. v. Industrial Commission of California*, 279 U.S. 109, 124 (1929). In furtherance of the federal government's duty to protect seamen and govern maritime matters, Congress enacted the Coast Guard Whistleblowing Protection Act in 1984, which gives seamen who have been discharged for reporting a safety violation a private cause of action against their employer. 46 U.S.C. § 2114. The statute protects seaman from discharge if (a) the seaman has or is about to report a violation of maritime safety law or regulation to the Coast Guard or another federal agency, or (b) the seaman is ordered to perform certain duties but refuse to do so because the seaman believes he, another seaman, or the public would be injured. 46 U.S.C. § 2114(a)(1)(A) and (B). Plaintiff's allegations in this case place him squarely within the protections of the Coast Guard Whistleblowing Protection Act, and provide him with remedies for Foss's alleged wrongdoing.

    2.   <u>**Federal Maritime Law Implicitly Preempts the California Whistleblower Law**</u>

Congress may be deemed to have enacted legislation that implicitly preempts state law when (1) the scheme of the federal regulation is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," (2) "the federal interest is so

dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject," *or* (3) "the object sought to be obtained by federal law and the character of obligations imposed by it may reveal the same purpose." *U.S.C.A Const. Art. 6, cl. 2*, *Fidelity Fed. Savings & Loan Assoc. v. de la Cuesta*, 458 U.S. 141, 152-53 (1982) (citing *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977); *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

An examination of each of these three factors compels the conclusion that the Coast Guard Whistleblowing Protection Act implicitly preempts the application of state retaliation laws such as California Labor Code § 1102.5. First, the Coast Guard Whistleblowing Protection Act law is pervasive, providing a comprehensive remedy for seamen who has been terminated for reporting or intending to report safety violations. Second, under the authority cited above, the federal government has the responsibility and paramount power to control and govern maritime matters, in a manner that "is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Fidelity Fed. Savings & Loan Assoc., supra*, at 153. Finally, the purpose of 46 U.S.C. § 2114 and Cal. Labor Code § 1102.5 is the same – to offer seamen a private right of action and remedies for retaliatory discharge. Application of any of these three factors mandates a finding of implicit preemption of Cal. Labor Code § 1102.5. *U.S.C.A Const. Art. 6, cl. 2*, *Fidelity*, 458 U.S. at 152-53 (citing *Jones*, 430 U.S. at 525; *Rice*, 331 U.S. at 230). Because it is implicitly preempted by federal law, Plaintiff's first cause of action under Cal. Labor Code § 1102.5 should be dismissed.

### 3. The Federal Act and State Act Conflict

Although federal jurisdiction over maritime cases is not entirely exclusive, state regulations are only applicable to maritime matters when they do not substantively alter or interfere with existing maritime law. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 446-47 (1994). Therefore, state law is nullified to the extent it actually conflicts with federal law under the preemption doctrine. *Fidelity Fed.*, 458 U.S. at 153. A conflict is evidenced when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

- 4 -    KYL_SF458030
DEFENDANT FOSS MARITIME COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS - CASE NO. CV 07-05776 WDB

1  Congress." *Id.* (citing *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143
2  (1963); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

3        Congress enacted the Coast Guard Whistleblower Protection Act to protect seamen
4  from retaliation, and this legislation leaves no room for the application of conflicting state laws,
5  such as the California Whistleblower Law. Although both the state and Federal law have the same
6  general purpose, procedural and remedial conflicts exist between the two. For instance, the
7  California law protects employees who report alleged violations to a state *or* federal governmental
8  authority (Cal. Labor Code § 1102.5(b)), whereas the Federal law only allows a cause of action if
9  the seaman reports an alleged violation to the Coast Guard or other appropriate federal authority
10 (46 U.S.C. § 2114(a)(1)(A)). While the California state law requires an actual report to trigger
11 protection (Cal. Labor Code § 1102.5(b)), the Federal law protects seamen who are "about to"
12 report a safety violation. 46 U.S.C. § 2114(a)(1)(A). In addition, only the Federal law requires as
13 an element of an unlawful discharge claim that the seaman first sought correction of the unsafe
14 condition from his or her employer. 46 U.S.C. § 2114(a)(3).

15       Further, the remedies available under the two statutes differ. The California statute
16 does not have a limitation on attorney's fees and costs, whereas the federal statute places a limit on
17 the amount of fees and costs that can be recovered. 46 U.S.C. § 2114(b)(3). In addition, the
18 California statute subjects certain employers to a civil penalty (Cal. Labor Code § 1102.5(f)),
19 while the Federal Act does not provide for a civil penalty. Finally, the California regulatory
20 scheme deems a violation of the California law a misdemeanor and subjects the employer to fines
21 and possible imprisonment (Cal. Labor Code § 1103), while the Federal Act does not. These
22 variations expose the employer to different possible penalties for the same actions.

23       The conflicts in procedure and remedies require that California law be preempted
24 by the Coast Guard Whistleblower Protection Act in order to avoid subjecting seamen and
25 employers to different requirements for the same actions. *Robinson v. Alter Barge Line, Inc.*, 482
26 F. Supp. 2d 1032, 1039 (S.D. Ill. 2007). To apply the California Act in conjunction with the
27
28

1 | Federal Act "would destroy the uniformity of the rules applicable to commerce on inland
2 | waterways. . . . This is not what was intended for maritime law." *Id.*

### B. RECENT CASE LAW SUPPORTS A FINDING OF PREEMPTION

In March of 2007, the District Court for the Southern District of Illinois held that the Illinois Whistleblower Act was preempted by the Coast Guard Whistleblower Protection Act. *Robinson v. Alter Barge Line, Inc.*, 482 F. Supp. 2d 1032, 1039 (S.D. Ill. 2007). The Illinois state retaliation law, like the California law, prohibits an employer from retaliating against an employee for disclosing violations of state or federal law to a government or law enforcement agency. 740 Ill. Comp. Stat. 175/15. The *Robinson* court carefully analyzed both the federal and Illinois statutes and determined that 46 U.S.C. § 2114 is so pervasive that it precludes enforcement of the Illinois law. The Court also recognized the conflicts between the Illinois Whistleblower Act and the Federal Act – conflicts that are almost identical to the conflicts that exist between the California Whistleblower Act and the Federal Act – and held that the Illinois Act was preempted because the conflicts "would subject a seaman to different reporting requirements when passing through Illinois waters than when the seaman is outside the jurisdiction, as well as subject the employer to different penalties for the same behavior." *Robinson*, 482 F. Supp. 2d at 1039. This holding is well-reasoned and persuasive and should extend to this case.[1]

### C. BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUSTAIN THE FIRST CAUSE OF ACTION, IT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Generally, dismissal is appropriate when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996). Further, dismissal is appropriate if it

---

[1] In the only case in this District to have considered the preemption argument, the court denied a defendant's motion to dismiss, stating that "[the moving party] cites no authority for the proposition that Congress intended § 2114 to preempt state law governing retaliation, nor does [the moving party] identify how § 1102.5 conflicts with § 2114." *Baydelta Maritime Inc. v. Eltzroth*, 2006 WL 2192106 (N.D. Cal.) at *2. Here, of course, Foss has identified such conflicts.

1  appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See*
2  *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the
3  Court accepts the plaintiff's material allegations in the complaint as true and construes them in the
4  light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir.
5  2000).

6  Here, Plaintiff's First Cause of Action is not legally sufficient. As stated above,
7  Plaintiff cannot assert a claim under California Labor Code Section 1102.5 as that statute is
8  preempted by the Coast Guard Whistleblower Protection Act in the context of a seaman/employer
9  relationship. Because Plaintiff's claim for retaliatory discharge under California law is preempted,
10 his First Cause of Action should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Foss respectfully requests that the Court grant its Motion to Dismiss the First Cause of Action.

DATE: November 30, 2007

John D. Giffin
Julie L. Taylor
KEESAL YOUNG & LOGAN
Attorneys For Defendant
FOSS MARITIME COMPANY

- 7 -                                                                KYL_SF458030