JOHN D. GIFFIN, CASB No. 89608
*john.giffin@kyl.com*
JULIE L. TAYLOR, CASB No. 154341
*julie.taylor@kyl.com*
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorney for Defendant FOSS MARITIME COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BIRD,<br><br>                            Plaintiff,<br><br>     v.<br><br>FOSS MARITIME COMPANY, a corporation, and DOES 1 through 100, inclusive,<br><br>                            Defendants. | CASE NO. C 07-5776 WDB<br><br>**DEFENDANT FOSS MARITIME COMPANY'S VERIFIED ANSWER** |

Defendant FOSS MARITIME COMPANY (hereinafter "Foss") hereby responds to Plaintiff MICHAEL D. BIRD's (hereinafter "Plaintiff") Complaint and admits, denies, and alleges as follows. Defendant reserves the right to file appropriate amendments to this Answer, if necessary, if and when additional information is obtained.

        1.     Foss admits the information in paragraph 5.

        2.     Foss denies each and every allegation contained in paragraphs 8, 9, 13, 16, 18, 25, 26, 27, 28, 33, and 36.

1       3.    Answering paragraphs 4, 6, and 7, Foss has no information or belief sufficient to enable it to answer the allegations thereof, and, basing its denial on either of those grounds, it denies each and every allegation thereof.

      4.    Insofar as Plaintiff incorporates by reference his prior allegations in paragraphs 24, and 29, Foss incorporates by reference its prior responses.

      5.    Answering paragraph 1, Foss admits this is an action by Michael Bird. Except as expressly admitted, Foss denies each and every allegation contained in this paragraph.

      6.    Answering paragraph 2, Foss admits this Complaint asserts three causes of action set forth in the Complaint, but notes that the First Cause of Action has been dismissed..

      7.    Answering paragraph 3, Foss admits this court is a proper venue. Except as expressly admitted, Foss denies each and every allegation contained in this paragraph.

      8.    Answering paragraph 10, Foss admits Plaintiff worked as a deckhand for Defendant from March 6, 2006 to September 30, 2006 and reported to its offices at Richmond, California. Except as expressly admitted, Foss denies each and every allegation contained in this paragraph.

      9.    Answering paragraph 11, Foss denies Foss Maritime has a systemic practice of permitting and encouraging captains to violate the 12-hour work rule and further denies that Foss retaliated against Plaintiff in any way. Foss denies on information and belief every other allegation contained in this paragraph.

      10.    Answering paragraph 12, Foss Maritime admits it was fined by the Coast Guard. Foss denies on information and belief that Plaintiff made his first safety report concerning grounding of an oil barge. Except as expressly admitted or denied on information and belief, Foss denies each and every allegation contained in this paragraph.

11. Answering paragraph 14, Foss admits as of September 30, 2006, Plaintiff was reported by the Union as being not current with the Union and not eligible to work for Foss. Foss further admits that Plaintiff did not work for Foss after September 30, 2006.

12. Answering paragraph 15, Foss admits Bruce Reed is a Foss Vice President and has the title D.P.A. Designated Person Ashore. Except as expressly admitted, Foss denies on information and belief each and every allegation contained in this paragraph

13. Answering paragraph 17, Foss admits that Plaintiff's Union dues were automatically deducted at Plaintiff's election from Plaintiff's paycheck by Foss Maritime. Except as expressly admitted, Foss denies each and every allegation contained in this paragraph.

14. Answering paragraph 30, because this allegation includes a statement of law, it does not require a response. To the extent this allegation implies factual allegations, Foss has no information or belief sufficient to enable it to answer the allegations thereof, and basing its denial on either of those grounds, it denies each and every allegation.

15. Answering paragraph 31, because this allegation includes a statement of law, it does not require a response. To the extent this allegation implies factual allegations, Foss has no information or belief sufficient to enable it to answer the allegations thereof, and basing its denial on either of those grounds, it denies each and every allegation.

16. Answering paragraph 32, because this allegation includes a statement of law, it does not require a response. To the extent this allegation implies factual allegations, Foss has no information or belief sufficient to enable it to answer the allegations thereof, and basing its denial on either of those grounds, it denies each and every allegation.

17. Answering paragraph 34, because this allegation includes a statement of law, it does not require a response. Foss denies all further allegations contained in this paragraph.

18. Answering paragraph 35, because this allegation includes a statement of law, it does not require a response. Foss denies all further allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and each and every cause of action therein fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint and each purported cause of action is barred, or any recovery should be reduced, because of Plaintiff's own neglect and/or fault in connection with the matters alleged, for which Foss has no responsibility.

3. Plaintiff had a duty to take reasonable steps to mitigate his alleged damages, if any. Plaintiff failed to take any such steps, delayed in doing so, or took steps which compounded or exacerbated alleged damages. Had Plaintiff timely and diligently taken reasonable steps to mitigate the alleged damages, they would have been reduced or avoided altogether. By failing to mitigate, Plaintiff is barred, in whole or in part, from recovering damages, if any.

4. Plaintiff is estopped by reason of the conduct, acts, and/or omissions of Plaintiff and/or his agents from asserting any causes of action and/or from recovery any damages against Foss.

5. Foss alleges that it did not make, adopt, or enforce any rule or regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency regarding violation or noncompliance with a state or federal rule or regulation.

6. Foss alleges that it did not practice any unlawful, unfair, or fraudulent business act or practice in violation of Cal. Bus. & Prof. Code § 17200.

7. Plaintiff is barred from seeking any damages for his purported physical or emotional injuries allegedly suffered as a result of his employment because of his sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, Labor Sections 3200, *et seq.*

8. If Plaintiff suffered injuries and is due damages from the conduct, either negligent or intentional, of anyone, the injuries were caused by the conduct, either negligent or intentional, of other parties, but not the alleged conduct of Foss.

9. Foss alleges that Plaintiff has suffered no damages as a result of any conduct of Foss and, therefore, Plaintiff has no claim against Foss.

10. Foss alleges that Plaintiff's Complaint is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to the extent that Plaintiff fails to exhaust the grievance procedure in his collective bargaining agreement.

**PRAYER**

WHEREFORE, Foss prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That Plaintiff's Complaint be dismissed with all costs to be taxed against Plaintiff, including reasonable attorney's fees as may be allowed by case or statutory authority and/or agreement of the parties; and

3. For such other and further relief as the Court deems just and proper.

DATE: February 20, 2008

John D. Giffin
Julie L. Taylor
KEESAL YOUNG & LOGAN
Attorneys For Defendant
FOSS MARITIME COMPANY