DANIEL ROBERT BARTLEY, CA Bar No. 79586
BARTLEY LAW OFFICES
Post Office Box 686
7665 Redwood Boulevard
Novato, CA  94948-0686
Telephone 415 898 4741  Fax 415 898 4841
E-mail DanielBartleyLaw@aol.com

<u>Former</u> Attorney for Michael D. Bird, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BIRD,<br><br>                     Plaintiffs<br><br>v.<br><br>FOSS MARITIME COMPANY, a corporation, and DOES 1 through 100, inclusive,<br><br>                     Defendants. | Case No. 07-05776 WDB<br><br>**NOTICE BY RELIEVED PLAINTIFF'S COUNSEL DANIEL ROBERT BARTLEY OF ATTORNEY'S LIEN AND CLAIM FOR ATTORNEY'S FEES AGAINST ANY RECOVERY BY PLAINTIFF, WITH SUPPORTING POINTS AND AUTHORITIES**<br><br>Judge:   Hon. Wayne D. Brazil, Magistrate |

**TO PLAINTIFF, PROSPECTIVE NEW PLAINTIFF'S COUNSEL, DEFENDANT, AND THE COURT:**

**PLEASE TAKE NOTICE** that the undersigned attorney, Daniel Robert Bartley, hereby claims attorney's fees against any recovery by Plaintiff Michael Bird, whether such recovery be by settlement, award, or judgment, and of the undersigned's associated assertion of an attorney's lien against any such recovery.  The undersigned served as contingent fee counsel for Plaintiff Michael Bird from March 6, 2007, to July 23, 2008, when the Court, at the Case

Management Conference on such date, relieved undersigned counsel of any further obligation to serve as Plaintiff's counsel in this matter.

DATED:  July 29, 2008                     BARTLEY LAW OFFICES
                                          Former Attorney for Plaintiff Michael Bird

                                          s/

                                          By:_____
                                                Daniel R. Bartley

## POINTS AND AUTHORITIES

An attorney can prevent the former client from "settling around" his lien by filing a notice of lien in the pending action. *Valenta v. Regents of Univ. of Calif.* (1991) 231 Cal. App. 3d 1465, 1469-1470; see also *Carroll v. Interstate Brands, supra,* 99 Cal. App. 4th at 1176.

Even if not required, a discharged attorney will usually file such a notice of lien in the pending action. It effectively prevents plaintiff from "settling around" the lien . . . because, to avoid getting involved in the dispute, defendant or its insurer will almost certainly make any settlement draft payable jointly to the client, the new attorney *and* the discharged attorney. The settlement proceeds will thus be tied up until everyone involved can agree on how the money should be divided . . . or until one or the other brings an *independent* action for declaratory relief. See *Carroll v. Interstate Brands Corp., supra,* 99 Cal. App. 4th at 1176; Weil & Brown, Cal Practice Guide: Civil Procedure Before Trial (Rutter Group), ¶ 1:436.

Filing a notice of attorney's lien in a pending action is "permissible and even advisable" (and indeed it is common practice). *Valenta v. Regents of Univ. of Calif.* (1991) 231 Cal. App. 3d 1465, 1469-1470. But a discharged attorney is not required to file such a notice in order to establish his lien. *I.e,* even if no notice is filed, the attorney's "secret" lien on the judgment is enforceable; and it is entitled to *priority* against the client's subsequent creditors or assignees. See *Hansen v. Haywood* (1986) 186 Cal. App.3d 350, 356. An attorney's lien is entitled to priority, and a notice of lien need not be filed. *Cetenko v. United Calif. Bank* (1982) 30 Cal. 3d 528, 534.

\\\

Once an attorney receives notice of the lien, he has a fiduciary obligation to the lienholder with respect to the funds. *Matter of Respondent P* (Rev.Dept. 1993) 2 Cal. State Bar Ct. Rptr. 622, 632 (Med-Cal lien); see also Los Angeles Bar Ass'n Form. Opn. 478 (1994).

The attorney's duty to withhold funds to satisfy a lien applies even where the client demands payment of the lien amount. *Matter of Respondent P* (Rev.Dept. 1993) 2 Cal. State Bar Ct. Rptr. 622, 632.

Failure to honor third party liens may constitute an "intentional" or "reckless" failure to perform services *competently* in handling client funds, thus violating CRPC 3-110(A). *Matter of Riley* (Rev. Dept. 1994) 3 Cal. State Bar Ct. Rptr. 91, at 111-112; *Matter of Moriarty* (Rev.Dept. 1999) 4 Cal. State Bar Ct. Rptr. 9, 16-17.

Defendants and their attorneys risk tort liability in paying a judgment or settlement to the plaintiff or others in disregard of a discharged attorney's known lien. See *Levin v. Gulf Ins. Group* (1999) 69 Cal. App. 4th 1282, 1287-1288 (attorney and insurance company liability for payment of settlement funds in disregard of a known lien). "Accordingly, we hold that an insurer and the attorneys retained to defend the insureds are liable for intentional interference with the prospective economic advantage of a discharged attorney when, after receiving a notice of lien for attorney fees and costs filed in the case by the discharged attorney, they pay his former client and the latter's new attorney in settlement or in satisfaction of a judgment with knowledge of the lien." 69 Cal. App. 4th at 1287.

". . . [T]he former attorney is entitled to recover in quasi-contract for the *reasonable value* of services rendered before discharge -- whether such discharge was *with or without cause*." *Fracasse v. Brent* (1972) 6 Cal. 3d 784, 792. "Reasonable value" in contingency fee cases is not limited to an hourly rate. An enhanced fee is justified by the risk involved, the delay in receiving payment, etc. The discharged attorney's pro rata share of the recovery is determined by comparing the value of his or her services to the value of the total services rendered. This is by no means limited to "straight time" – *i.e.,* how many hours spent by each attorney.

\\\
\\\

The court may adjust "for difficulty of the work or other relevant factors." *Cazares v. Saenz* (1989) 208 Cal. App. 3d 279, 288-289 (dealing with dispute between attorneys on referral fees).

This pro rata approach is proper even in "windfall" cases – i.e, where the discharged attorney's pro rata share *exceeds* the reasonable value of his or her services: "In essence, having contracted with the lawyer or firm to pay a particular fee, [the client or successor attorney] is estopped to deny that the pro rata contract price accurately measures the reasonable value of the services rendered." *Cazares v. Saenz, supra*, 208 Cal. App. 3d at 290.

An attorney discharged shortly before conclusion of the case may be entitled to the *entire* contingent fee as the appropriate quantum meruit recovery. See *Fracasse v. Brent, supra,* 6 Cal. 3d at 791.

It is always advisable for prospective new plaintiff's counsel to communicate with the discharged plaintiff's counsel to verify such discharged counsel's fee arrangements with the client *before* prospective new counsel enters into a case. Weil & Brown, Cal Practice Guide: Civil Procedure Before Trial (Rutter Group), ¶ 1:420

DATED:  July 29, 2008                              BARTLEY LAW OFFICES
                                                   Former Attorney for Plaintiff Michael Bird

                                                   s/

                                                   By:_____
                                                        Daniel R. Bartley

**Proof of Service**

The undersigned declares he/she is employed in the county of Marin, State of California, by Daniel Robert Bartley Law Offices, P.O. Box 686, Novato, CA, 94948-0686. I am over the age of 18 and not a party to this action.

On today's date, I served true and correct copies of **"NOTICE BY RELIEVED PLAINTIFF'S COUNSEL DANIEL ROBERT BARTLEY OF ATTORNEY'S LIEN AND CLAIM FOR ATTORNEY'S FEES AGAINST ANY RECOVERY BY PLAINTIFF, WITH SUPPORTING POINTS AND AUTHORITIES"** upon defense counsel and Plaintiff, respectively, as follows:

*Via e-mail:*

Nicole Bussi, Esq., Julie Taylor, Esq., and John D. Giffin, Esq.
Keesal, Young & Logan
450 Pacific Avenue
San Francisco, CA 9413
Tel 415 398-6000 • Fax 415 981-0136
E-mail Nicole.Bussi@kyl.com, Julie.Taylor@kyl.com

*Via e-mail and via U.S. First Class Mail:*

Mr. Michael D. Bird
6196 Inglewood Drive
Pleasanton, CA 94588-3934
E-mail captainbird@mac.com

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 29th day of July, 2008, at Novato, Marin County, California.

s/
_____
Daniel Robert Bartley