UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BIRD, | No. C 07-5776 WDB |
| Plaintiff, | ORDER FOLLOWING JANUARY 28, 2009 HEARING |
| v. | |
| FOSS MARITIME COMPANY, et al. | |
| Defendants. | |

On January 28, 2009, the Court heard argument on Plaintiff's Motion for Reconsideration, filed December 8, 2008, and Defendant's second Motion to Dismiss, filed December 22, 2008. For reasons elaborated in detail on the record, the Court RULES as follows.

**I.     Motion for Reconsideration**

The Court GRANTS plaintiff's request that the Court reconsider its prior order that granted defendant's earlier, unopposed motion to dismiss (on grounds of preemption) plaintiff's claim based on California Labor Code §1102.5.[1] See, Motion to Dismiss, filed November 30, 2007 and Statement of Non-opposition by Plaintiff to

---

[1] Plaintiff's Motion to Reconsider set forth communications that may constitute confidential settlement communications that should not have been disclosed to the undersigned. The Court's staff redacted all communications that arguably should not have been disclosed to the Court prior to presenting plaintiff's Motion to the undersigned. The Court has determined that it does not need to review the redacted communications in order to rule on the Motion to Reconsider. Therefore, the undersigned has not read those communications.

1

Defendant Foss Maritime Company's Motion to Dismiss First Cause of Action Pursuant to Rule 12(b)(6), filed February 1, 2008.

Because plaintiff's former attorney, Mr. Bartley, chose not to oppose defendant's earlier motion to dismiss, the Court did not previously consider the merits of defendant's preemption argument.

Defendant's November 2007 Motion was predicated in part on *Robinson v. Alter Barge Line, Inc.*, 482 F.Supp.2d 1032 (S.D.Ill. 2007). On appeal, the Seventh Circuit significantly undermined the district court's conclusions about preemption. The Seventh Circuit issued its decision in *Robinson v. Alter Barge Line Inc.*, 513 F.3d 668 (7th Cir. 2008), after defendant filed its motion seeking preemption and only about two weeks before Mr. Bartley filed a statement of non-opposition on plaintiff's behalf. Because this Court is not bound by rulings from the Seventh Circuit, Mr. Bartley's apparent failure to become aware of the Seventh Circuit's opinion in *Robinson* before filing his statement of non-opposition was not wholly unreasonable. Nonetheless, the Seventh Circuit's opinion provides a persuasive analysis of this issue, and a diligent attorney would have benefitted his client by bringing it to the Court's attention.

The strong public policy that favors making decisions on the merits weighs in favor of reconsideration. Although a year has passed since Mr. Bartley first effectively stipulated to dismissal of plaintiff's claim under California Labor Code §1102.5, defendant has failed to demonstrate that reconsideration would impose any material prejudice on Foss' ability to defend this claim.

**II.    Motion to Dismiss**

    **A.    California Labor Code §1102.5**

Plaintiff's First Cause of Action squarely invokes California Labor Code §1102.5. In relevant part, the California whistle blower's protection act provides,

> [a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a

2

>violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

Cal. Labor Code §1102.5(b).

The facts as alleged by plaintiff do not state a claim under §1102.5(b). Before Mr. Bird filed his amended complaint, the Court explicitly and energetically admonished him to include in his re-written complaint a detailed recitation of all the facts on which his causes of action would be based. The Court understands that Mr. Bird is not a lawyer – and that he might well not know all the legal theories that his factual contentions implicate. But the Court emphasized that Mr. Bird can and should know all of the essential facts that he feels played a role in or contributed to the development of the events about which he is complaining. So he was ordered to chronicle those facts with special care. When he did that, he alleged (in his amended complaint) that he reported (to the Coast Guard) the alleged misconduct by defendant <u>only after</u> defendant allegedly took the adverse employment action against him.

The difficulty is that the California statute could support a claim only where the employer allegedly retaliated against the plaintiff <u>after the plaintiff reported</u> the misconduct, or, in the words of the statute, only "for disclosing information to a government . . . agency." Because Mr. Bird alleges that he did not disclose information to a government agency until <u>after</u> Mr. Butcher took the actions that effectively 'terminated' plaintiff, Mr. Bird has not stated a claim under §1102.5. And because he has been given ample and repeated opportunities to set forth the factual predicates for his claims, the dismissal of this statutory claims is with prejudice.

Dismissal of the claim that purported to be based on §1102.5 does not end our inquiry. Plaintiff appears *pro se*, and the Court is required to read his pleading liberally. California courts appear to recognize a common law tort claim for wrongful termination in violation of public policy. In appropriate circumstances a plaintiff might state a claim under this doctrine if plaintiff alleges that his employer terminated him because he reported to his <u>employer</u> violations by his employer (or its agents) of laws or regulations that implicate important public interests.

3

Plaintiff did not clearly invoke this common law tort theory as the source of the rights that he seeks to vindicate under the First Cause of Action. Nonetheless, the facts as alleged by plaintiff appear to state a claim under this doctrine. The Court, therefore, RULES that plaintiff's Amended Complaint alleges a claim for wrongful termination in violation of public policy under California's common law.

During oral argument, defense counsel informed the Court that Foss Maritime contends that 46 U.S.C. section 2114 also preempts any such common law tort claim. Having anticipated that contention, and having considered the circuit court's rejection of a somewhat similar argument in Robinson, we declined to conclude that federal law preempts this common law cause of action.

The relevant question before us is whether there is a "conflict" between the state and federal provisions. In the context of preemption analysis, a "conflict" is deemed to exist only when (1) it is impossible to comply with both the state and federal requirements or (2) the "state law stands as an obstacle to the accomplishment and execution of the full purposes of and objectives of Congress." *Young v. Coloma-Agaran*, 340 F.3d 1053, 1055 (9th Cir. 2003). No preempting conflict exists simply because there is a shortfall in parallelism or symmetry between the relevant state and federal laws.

The Ninth Circuit directs us to be circumspect about the reach of preemption. *Chevron USA, Inc., v. Hammond*, 726 F.2d 483, 486 (9th Cir. 1984); *Pacific Merchant Shipping Assn. v. Aubry*, 918 F.2d 1409 (9th Cir. 1990). Although not bound by rulings from the Seventh Circuit, this Court finds persuasive much of Judge Posner's reasoning in *Robinson.* We see nothing in the federal statute or legislative history indicating that Congress intended to preempt state laws protecting seamen from retaliatory discharge. Moreover, the state law in issue here appears to advance the same interests that Congress sought to advance in section 2114; the California common law tort certainly does not present an obstacle to achieving the purposes of section 2114. Because we can see no "conflict" between the state and federal laws, and because there appears to be no other ground to support a finding of preemption,

we conclude that plaintiff is free to pursue his claim for relief under the California common law tort theory.

### B. Coast Guard Whistle Blower's Protection Act

Plaintiff's Amended Complaint as clarified on the record at the January 28, 2009, hearing states a claim under 46 U.S.C. §2114. Mr. Bird alleges that a substantial factor in Capt. Butcher's decision to take adverse employment action against him was Capt. Butcher's apprehension that Mr. Bird was likely to report alleged safety violations by Foss to a federal agency.

In defendant's view, Mr. Bird cannot make this allegation in compliance with Federal Rule of Civil Procedure 11. See, Transcript of January 28, 2009, hearing. If defendant files a motion for sanctions under Rule 11, plaintiff is responsible for fulfilling his obligations under that Rule and the Local Rules of this Court. If plaintiff does not satisfy his obligations under the rules he exposes himself to potentially significant monetary sanctions.

### C. California Business & Professions Code §17200

Plaintiff claims that Foss violated California Business and Professions Code §17200 when it (allegedly) terminated his employment in retaliation for his complaints to Foss about its unlawful practices. In addition to disputing plaintiff's underlying factual contentions, Foss asserts that Mr. Bird cannot state a claim under this California statute because he cannot show that he is entitled to any of the forms of relief this statute could authorize. Those forms of relief, defendant contends, are only equitable – and, according to defendant, Mr. Bird's factual allegations, even if true, could not entitle him to any equitable remedy.

This is a line of argument on which the Court is not prepared to rule. Accordingly, **by February 11, 2009**, defendant must file with the Court and serve on Mr. Bird its motion seeking dismissal of plaintiff's claim under California Business & Professions Code §17200 on the ground that plaintiff has not alleged an injury that

5

may be redressed in equity.  The Court will determine whether Mr. Bird needs to file an opposition to that motion.

### D.  RICO claims

The Court GRANTS defendant's motion to dismiss plaintiff's fourth and fifth causes of action for violations under RICO.  These claims are dismissed without leave to amend.

The Court never intended to give Mr. Bird permission to so radically expand this litigation at so late a date.  Mr. Bird was represented by counsel for many months – but neither he nor his lawyer ever even intimated that he might assert claims under these complex federal statutes.  To expand the case in this way at this juncture would be fundamentally unfair to Foss – in part because it would require Foss to re-do and/or extend discovery, motion, and mediation work already invested, and in part because so much time has passed that the Court cannot be confident that Foss would still be able to develop all the evidence it would have pursued if it had known, from the outset, that it faced claims under these statutes.  The latter concern (about compromised access to evidence) is especially potent when the statutes plaintiff belatedly seeks to add would expose Foss, for the first time, to triple damages.

Another consideration that supports the Court's rejection of these claims is that in presenting them in his amended complaint plaintiff has violated Federal Rules of Civil Procedure 8 and 9.  He fails to plead, in these causes of action, the facts that he alleges support his entitlements under the RICO statutes.  He fails even more dramatically to plead with the particularity required by Rule 9.

These failings are important – because they conceal what appear to be legally fatal flaws in these claims.  To have a viable claim under the RICO statutes, a plaintiff must prove, among many other things, that the defendant committed multiple (at least two) criminal acts that are connected in some common scheme or undertaking.  As far as we can tell, plaintiff has not alleged that Foss engaged in any criminal acts; plaintiff

certainly has not identified any criminal statutes that the acts he attributes to Foss would violate.

In addition, plaintiff has failed to plead facts which, if proved, would show that he suffered compensable damages as a result of multiple criminal acts by Foss. The Court rejects Mr. Bird's contention that his termination (which presumably would cause him to suffer damages) was a criminal offense – in part because, under the facts as he alleges them to have unfolded, he was terminated <u>before</u> he reported anything about Foss to any governmental authority. Moreover, he was terminated (if at all), only once. One termination could not constitute a "pattern" of racketeering activity.

In his fifth claim, Mr. Bird alleges that Foss "conspired" to violate his rights under the RICO statues. He fails to assert, however, that the alleged conspiracy included any other person or entity. A party cannot engage by itself in a conspiracy.

The way Mr. Bird 'threw in' the expansive and threatening RICO claims makes the Court worry about how Mr. Bird intends to litigate this case and what is driving some of his litigation decisions. He presented his RICO claims in the most conclusory of forms – with no apparent attention to their specific requirements and no apparent concern about the effect that adding such claims would have on the character, scope, expense, and time consumption of this litigation, or about whether Foss could fairly defend such claims at this juncture.

Mr. Bird seems to take pride in being "oppositional" – to quote him. He says he has devoted considerable time and energy (unrelated to this case) to trying to uncover dirt about political or other public figures. These announcements, in combination with the way Mr. Bird tried to add the RICO claims to this litigation, cause the Court to worry that there is some part of Mr. Bird that is approaching this case as a game – as (in part) some kind of extra-curricular adventure whose objectives reach well beyond seeking fair redress and reasonable relief for significant wrongs genuinely suffered and that promises satisfying collateral emotional rewards along the way. Mr. Bird may not be conscious of any such animating considerations – and they

may not exist. The Court certainly makes no findings about such matters here. But it would be irresponsible for the Court not to share these concerns with Mr. Bird.

### E.     Miscellaneous

The Court strikes the references to "DOES 1-100 inclusive" included in plaintiff's Amended Complaint, filed December 10, 2008.

## III.    Case Management Order

**By March 6, 2009,** Foss must file with the Court and serve on Mr. Bird its Motion for Summary Judgment.

If, after reading defendant's Motion for Summary Judgment, Mr. Bird determines that he cannot fairly respond to the motion without conducting limited and focused discovery, then **by March 13, 2009,** Mr. Bird must file with the Court and serve on defense counsel a writing that (1) identifies with specificity the information Mr. Bird believes he needs in order to fairly respond to the motion and (2) sets forth his proposed method(s) and time-frame for obtaining that information.

If, after reading defendant's Motion for Summary Judgment, Mr. Bird concludes that he can fairly respond to the motion without conducting additional discovery, then **by March 20, 2009,** Mr. Bird must file with the Court and serve on defendant's counsel his opposition to defendant's motion for summary judgment. If Mr. Bird wants the Court to consider any evidence in support of his opposition he must file and serve copies of that evidence along with his opposition. Mr. Bird is responsible for determining the requirements for opposing a motion for summary judgment and for conducting discovery.

//
//
//
//
//

The Court will determine the schedule for the hearing on defendant's motion for summary judgment following receipt of Mr. Bird's submission.

**IT IS SO ORDERED.**

Dated: January 29, 2009

WAYNE D. BRAZIL
United States Magistrate Judge